IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1997 SESSION

FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9604-CC-00137 |
| | ) | |
| vs. | ) | Grundy County |
| | ) | |
| JOHN ALLEN CHAPMAN, | ) | Hon. Thomas W. Graham, Judge |
| | ) | |
| Appellant. | ) | (First Degree Murder, |
| | ) | Aggravated Kidnapping, |
| | ) | Aggravated Sexual Battery) |

CONCURRING OPINION

I concur with the well-reasoned and scholarly majority opinion authored by Judge Hayes, although my analysis of the issue regarding the motion to suppress reaches the same result through different reasoning than that employed by the majority. I write separately to express concern over the Tennessee Bureau of Investigation's use of an investigative subpoena as a means for obtaining evidence from the defendant. See Tenn. Code Ann. § 38-6-102(a) (Supp. 1996).

The TBI subpoena issued for the defendant commanded him to appear for questioning at the Grundy County Jail. The language of the subpoena, quoted supra at note 27, is compulsory. There is no indication on the subpoena that the defendant had the option of refusing to appear at the appointed time and place. There is nothing indicating that, unlike other subpoenas, this one was not enforceable through the contempt powers of the court. A person untrained in the law could reasonably believe he had no choice whether to comply with this subpoena. If a record reflects that the accused was in fact coerced through the use of such a subpoena in a criminal investigation, the use of the subpoena would raise substantial questions under the Fourth Amendment to the United States

Constitution and Article I, section 7 of the Tennessee Constitution. The use of an investigative subpoena by the TBI in the course of a criminal investigation cannot circumvent Fourth Amendment protections by causing an unlawful seizure of the person. Cf. State v. Moore, 722 S.W.2d 367, 373 (Tenn. 1986) (in the context of a civil investigative summons issued by the Department of Revenue relative to bank records pertaining to an individual's tax liability, "civil investigative authority will not permit the government to expand its criminal discovery powers"). See Terry v. Ohio, 392 U.S. 1, 19, 88 S.Ct. 1868, 1879 (1968).

That said, a citizen may certainly agree to cooperate with law enforcement. When compliance with an investigation is voluntary, constitutional concerns of unreasonable search and seizure evaporate. See Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44 (1973) (citations omitted); State v. Bartram, 925 S.W.2d 227, 230 (Tenn. 1996) (citations omitted). In this case, all of the evidence demonstrates the defendant cooperated with the investigation prior to the issuance of the subpoena. Moreover, he appeared at the time and place designated in the subpoena and never voiced any objection to continued participation in the investigative process. He gave further consent for blood samples to be drawn from his person. The defendant did not testify -- nor is there any other evidence to indicate -- that his compliance with the subpoena was involuntary. In the total absence of evidence demonstrating nonconsensual behavior by the defendant, I agree with the majority that the evidence supports the trial court's denial of the motion to suppress.

_____
CURWOOD WITT, JUDGE